Wright, J.,
delivered the opinion of the Court.
The Chancellor dismissed the bill, and amended bill, upon demurrer, and in this we think he acted properly.
The case is governed by Smith v. Edwards et al., 7 Hum., 106. It is there held, that where a partner sells .his interest in the partnership concern, either to his co-partners or strangers, he has no lien on the partnership property for the payment of partnership debts for which he is liable, any more than those against the private property, or effects of his former partners. He cannot pursue specifically, or have an account of the effects of the late firm of which he was a partner, to the end, that they might be subject to the satisfaction of claims existing against the firm. And the fact, that when he retired, his co-partners stipulated to pay the debts of *341 the concern, and indemnify him, can make no difference, he having trusted to the personal covenants of his assignees.
Here, the case made is, that complainants, Nathaniel W. Bivens and William H. Stone, were, at first, partners under the firm name of N. W. Bivens & Co., after which they took in one Emmerson, and the business progressed under the firm name of Bivens, Croone & Co. After this, complainant and Bivens purchased out the interest of Stone and Emmerson, and the concern was carried on under the partnership style of Croone & Bivens, until the 8th of January, 1857, when complainant transferred all his interest in said firms, to said Bivens and one Bryan, and placed the assets, of every kind, in their possession, in consideration of which, they, in writing, stipulated to pay all the outstanding debts against said firms, and to release complainant therefrom.
He retains no interest in, or lien upon, the effects so transferred; nor is there any stipulation that they shall be applied in payment of the partnership debts.
Bivens & Bryan have failed to pay said debts, or to have complainant released, and he has been sued and forced to pay a part of them, and is liable to pay the residue; and the said Biyens and Bryan are insolvent, and are applying the assets so transferred to their own private use.
The object of the bill is to obtain an account of these assets, specifically, to have the firm debts paid, and complainant released.
But, as we have seen, upon the authority of Smith v. Edwards et al., and the cases there cited; the bill can- *342 ot be maintained, and complainant must look to the personal covenants of Bivens & Bryan.
Neither is there any other aspect in which the case can be maintained. It is a rule, to be sure, that a surety has a right to bring his principal and the creditor into a Court of Chancery, to compel the payment of the debt. But if we were to concede that complainant occupies — towards the creditors of these firms, and the defendants — the relation of a surety, yet the bill makes no case under this head of equity. The creditors are not parties, and the case is, in other respects, perhaps, defective. 5 Hum., 66.
It is true, that complainant has been compelled to pay a part of these debts, and is, therefore, a creditor, to that extent, of Bivens & Bryan; and that now, under section 4288 of the Code, he may, without first having obtained a judgment at law, come into Chancery to set aside fraudulent conveyances of property, or other devices resorted to for the purpose of hindering and delaying creditors, and subject the property,' by sale, or otherwise, to the satisfaction of the debt. But the bill also fails to make a case under this section of the Code. It alleges no fraudulent conveyance, or other device to hinder and delay creditors, and no relief is claimed upon that ground.
Decree affirmed.